IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| BERNICE LYNN WINTERMANTEL-BAPTISTA, ETC., | ) ) ) | CIVIL NO. 05-00485 JMS-LEK |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| JEAN HANOHANO, ET AL., | ) ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS JEAN HANOHANO'S AND**
**ROBERT HANOHANO'S MOTION TO SET ASIDE ENTRY OF DEFAULT**

Before the Court is Defendants Jean Hanohano's and Robert Hanohano's ("the Hanohanos") Motion to Set Aside Entry of Default ("Motion"), filed March 16, 2007.[1]  Plaintiff Bernice Lynn Wintermantel-Baptista, a.k.a. Bernice Lyn Wintermantel-Baptista, individually and as Guardian Ad Litem for minor children, Naia A., born on February 6, 1994, and Anela A., born on March 23, 1995, ("Plaintiff") filed her memorandum in opposition to the Motion on April 10, 2007.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i.  After careful

---

[1] On March 2, 2007, this Court received an unfiled declaration from the Hanohanos which, *inter alia*, offered an explanation for their failure to answer.  The Court construed the declaration as a motion to set aside the entry of default and instructed the Clerk of the Court to file the declaration.

consideration of the Motion, opposing memorandum, and the relevant case law, the Hanohanos' Motion is HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

Wintermantel-Baptista filed the instant action in a state district court on July 7, 2005.[2] The Complaint alleged that, on February 6, 2004, Jean Hanohano obtained a Temporary Restraining Order ("TRO") against her by making various false allegations. Jean Hanohano claimed that Wintermantel-Baptista, who is apparently married to Jean Hanohano's brother, was harassing her and her mother, Geraldine Baptista. Jean Hanohano alleged that Wintermantel-Baptista called their home and came to their door at all hours of the night. Jean Hanohano stated that she wanted Wintermantel-Baptista to stay away from her because Wintermantel-Baptista was a homeless drug addict who neglected her two children. [Exh. A to Notice of Removal (Complaint) at ¶ 6.] The TRO expired on February 21, 2004. [Id. at ¶ 8.]

The return date for the TRO was February 20, 2004. Wintermantel-Baptista appeared at the hearing pro se. According to the Complaint, the parties reached an agreement during a conference with the judge that Wintermantel-Baptista would be allowed to approach the Hanohano home under certain conditions.

---

[2] Wintermantel-Baptista filed the original complaint on her own behalf. She filed the First Amended Complaint individually and in her capacity as Guardian Ad Litem.

Wintermantel-Baptista, however, had to leave court before the agreement was placed on the record.  In her absence, the judge issued an Order Granting Petition for Injunction Against Harassment ("Injunction Order") which prohibited Wintermantel-Baptista from approaching the Hanohano home under any circumstances.  The Complaint alleges that Wintermantel-Baptista was not served with the Injunction Order until April 1, 2004. [Id. at ¶¶ 9-15.]

On March 17, 2004, Defendants Adam Lipka and Thomas Adriance, who are police officers employed by Defendant City and County of Honolulu ("the City"), arrested Wintermantel-Baptista upon a complaint by the Hanohanos for a violation of the TRO which allegedly occurred on that day.  [Id. at ¶¶ 3, 16.] Wintermantel-Baptista alleges, *inter alia*, that the arrest was without probable cause because the TRO had expired and she had not been served with the Injunction Order.  Although the state court granted Wintermantel-Baptista's motion to set aside the Injunction Order and dismissed Jean Hanohano's petition, Wintermantel-Baptista was prosecuted for a criminal violation of Haw. Rev. Stat. § 604-10.5.  On November 23, 2004, the charges were dismissed for lack of evidence.  [Id. at ¶¶ 17-21.]

The Complaint alleged that Lipka's and Adriance's actions violated Wintermantel-Baptista's rights under the United States Constitution and the Hawai`i State Constitution.  It also

alleged that the City's actions were intentional, wanton, willful, and malicious, and that it was negligent in training its police officers.  [Id. at ¶¶ 22-24.]  Wintermantel-Baptista sought a maximum of $20,000 for compensatory, general, special, and punitive damages, as well as attorney's fees and costs and any other just and proper relief.  [Id. at pg. 4.]

On August 2, 2005, the City removed the case to the district court based on federal question jurisdiction.  [Notice of Removal at ¶ 3.]  The Notice of Removal stated that the City filed an answer with the state court and that the other defendants appeared at the state court's July 20, 2005 answer hearing and entered general denials.  [Id. at ¶ 5.]  The other defendants consented to the removal.  [Id. at ¶ 7, Exhs. B-D.]

On January 23, 2006, the district judge denied the motion to dismiss filed by the City, Lipka, and Adriance (collectively "City Defendants") without prejudice and granted Wintermantel-Baptista leave to amend her Complaint.  Plaintiff filed her First Amended Complaint on February 22, 2006.  The First Amended Complaint alleges the following claims: civil rights violations; state constitutional violations; intentional infliction of emotional distress ("IIED"); negligent infliction of emotional distress ("NIED"); false arrest and false imprisonment; malicious prosecution; conversion; conspiracy; negligence; and respondeat superior.  The claims that Plaintiff

4

alleges against the Hanohanos are: civil rights violations; state constitutional violations; IIED; NIED; malicious prosecution; and conspiracy.

  The City Defendants filed their Answer to the First Amended Complaint on March 3, 2006.  The Hanohanos did not file an answer to the First Amended Complaint and, on December 15, 2006, the Clerk of the Court entered default against them.

  In the instant Motion, the Hanohanos state that they did not file an answer because they could not afford to hire an attorney and they did not know how to respond to the letter notifying them of the entry of default.  They argue that they have a meritorious defense to the instant action because, on March 17, 2004, Wintermantel-Baptista contacted Robert Hanohano in front of their home and they made a complaint against her for a violation of a valid TRO.  The Hanohanos state that the police officer who responded verified that the TRO was valid and that Wintermantel-Baptista had violated it.  Wintermantel-Baptista was arrested soon thereafter.  The Hanohanos argue that Plaintiff will not be prejudiced if the entry of default is set aside because this is a simple case.

  In her memorandum in opposition to the Motion, Plaintiff argues that the Hanohanos have not established good cause to set aside the entry of default.  Plaintiff argues that the fact that the Hanohanos cannot afford an attorney and did not

know they had to file an answer does not excuse their complete failure to file any type of answer the complaint.  Plaintiff also contends that the Hanohanos have not established a valid defense.  In Plaintiff's view, it is not enough that the Hanohanos thought that the TRO was valid.  The Hanohanos have not responded to Plaintiff's claim that Jean Hanohano obtained the TRO by making false allegations in the first place.  Plaintiff also alleges that the Hanohanos conspired with the police officers to punish Wintermantel-Baptista by having her children placed in foster custody.  Plaintiff also argues that she will be prejudiced if the Court sets aside the default because the discovery deadline is April 20, 2007.

## **DISCUSSION**

Motions to set aside entries of default pursuant to Federal Rule of Civil Procedure 55(c) are liberally construed in favor of the moving party.  See Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945-46 (9th Cir. 1986) ("Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits.") (citation and internal quotation marks omitted) (alterations in original).

A court may set aside an entry of default for "good cause shown[,]" Fed. R. Civ. P. 55(c), and has broad discretion

in deciding whether set aside is warranted.  See Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000).  There are three factors that courts consider in determining whether good cause exists to set aside an entry of default: 1) whether the moving party engaged in culpable conduct that led to the default; 2) whether the moving party has a meritorious defense; or 3) whether setting aside the entry of default will prejudice the non-moving party.  See Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 925-26 (9th Cir. 2004).  Insofar as these factors are disjunctive, a court may deny a motion to set aside an entry of default if any of these factors are true.  The moving party bears the burden of establishing that these factors favor setting aside the entry of default.  See id. at 926.

### A.   **Culpable Conduct**

A defendant's failure to answer is culpable "if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer."  TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001) (citations and quotation marks omitted) (emphasis in original).  An intentional failure to answer is one that is wilful, deliberate, or in bad faith.  See id.  Thus, "[n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or

otherwise manipulate the legal process is not 'intentional' . . . and is therefore not necessarily . . . culpable or inexcusable." Id. at 697-98.

It is undisputed that the Hanohanos had notice of the action and that they failed to file a timely answer to the First Amended Complaint.  The Hanohanos state that they did not file an answer because they could not afford an attorney.  Plaintiff correctly points out that this does not excuse their failure to file an answer, but this Court notes that the Hanohanos have been making appearances throughout the litigation and have been actively trying to defend this case.  The Hanohanos appeared at the state court's July 20, 2005 answer hearing and entered a general denial.[3]  [Notice of Removal at ¶ 5.]  They also consented to the City's removal of the case to the district court.  [Exh. B to Notice of Removal.]  After removal, the Hanohanos appeared at the July 25, 2006 settlement conference and the Rule 16 scheduling conference and settlement conference on February 21, 2007.  This Court finds that the Hanohanos have acted in good faith and that they have not tried to manipulate the judicial process or delay the instant case.  This Court

---

[3] The Hawai`i State District Court Rules of Civil Procedure provide that a party can defendant by filing an answer or making an appearance without a written answer.  See Haw. Dist. Ct. R. Civ. P. 8(b)(1)-(2).  The appearance is "deemed to constitute a general denial of the truth of the facts stated in the complaint[.]"  Haw. Dist. Ct. R. Civ. P. 8(b)(2).

8

therefore finds that their failure to answer the First Amended Complaint was not due to culpable conduct.

### B. **Meritorious Defense**

The Hanohanos assert that they have a meritorious defense because their March 17, 2004 complaint against Wintermantel-Baptista was based on a valid TRO.  Plaintiff apparently argues that this is not a meritorious defense because it only addresses the false arrest claim and does not address the malicious prosecution and conspiracy claims or Plaintiff's claims that Jean Hanohano obtained the TRO by making false allegations.  This Court disagrees.  Plaintiff's claims against the Hanohanos primarily arise from Jean Hanohano's petition for the TRO, the Hanohano's March 17, 2004 complaint for the violation of the TRO, and their subsequent participation in the criminal prosecution for that violation.[4]  The Hanohanos claim that the TRO was valid.  Thus, they apparently deny that the petition to obtain the TRO was based on false allegations and they argue that the March 17, 2004 complaint and subsequent prosecution were justified.  This Court therefore finds that the Hanohanos have alleged a potentially meritorious defense to Plaintiff's claims.

### C. **Prejudice**

---

[4] Plaintiff also alleges that, on February 4, 2004, Jean Hanohano assaulted Wintermantel-Baptista and damaged her car, [First Amended Complaint at ¶ 12.k.,] but the claims against the Hanohanos emphasize the events related to the TRO.

9

The Hanohanos argue that Plaintiff will not suffer prejudice if this Court sets the entry of default aside because this is a relatively simple case.  Plaintiff argues that she will be prejudiced because the discovery deadline is April 20, 2007.  Further, trial is set for June 19, 2007.  The Court acknowledges that Plaintiff may suffer some prejudice if this Court sets aside the entry of default and the case proceeded to trial on June 19, 2007.  Any potential prejudice, however, can be eliminated by a brief continuance of the trial date and applicable deadlines.  A lengthy continuance is not necessary insofar as the claims against the Hanohanos do not involve complicated legal or factual issues.  Further, the Hanohanos have been aware of the instant case throughout its pendency and any discovery concerning the Hanohanos can be accomplished in a relatively short amount of time.  This Court therefore finds that Plaintiff will not be prejudiced if the Court sets aside the entry of default.

All of the relevant factors weigh in the Hanohanos' favor.  This Court therefore finds that there is good cause to set aside the entry of default.

## CONCLUSION

On the basis of the foregoing, the Hanohanos' Motion to Set Aside Entry of Default, filed March 16, 2007, is HEREBY GRANTED.  The Court ORDERS the Hanohanos to file their Answer to the Complaint by no later than **April 30, 2007.**  Further, this

Court VACATES the June 19, 2007 trial date.  The Court will set a scheduling conference to reset the trial dates and all other appropriate deadlines.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, April 17, 2007.



  /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**BERNICE LYNN WINTERMANTEL–BAPTISTA, ETC. CV. JEAN HANOHANO, ET AL; CV. NO. 05–00485 JMS–LEK; ORDER GRANTING DEFENDANTS JEAN HANOHANO'S AND ROBERT HANOHANO'S MOTION TO SET ASIDE ENTRY OF DEFAULT**